# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| JOSHUA GREEN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:15-CV-00208-RWS |
| | § | |
| v. | § | |
| | § | |
| DIR TDCJ, LORIE DAVIS-DIRECTOR TDCJ-CID, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Petitioner Joshua Green, a prisoner confined at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court ordered that this matter be referred to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge has submitted a report recommending the petition be denied. Docket No. 14 ("Report and Recommendation"). Initially, before receiving any objections to the Magistrate Judge's Report and Recommendation, this Court dismissed Petitioner's petition and entered Final Judgment. Docket Nos. 16, 17. Subsequently, Petitioner requested the Court reopen his case and filed objections to the Magistrate Judge's Report and Recommendation. Docket Nos. 18, 19. The Court granted Petitioner's request to reopen his case, and now, this Court considers the Magistrate Judge's Report and Recommendation and Petitioner's objections thereto *de novo*. *See* Fed. R. Civ. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

**First**, Petitioner contends that the Magistrate Judge did not fully address his claim that counsel was ineffective for failing to replay his videotaped interview at the sentencing phase of trial, attempting to counter an officer's allegedly false testimony regarding Petitioner's lack of remorse. Contrary to the Petitioner's assertion, the Magistrate Judge considered the merits of the Petitioner's claim. To establish an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel performed deficiently and that the deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 689–92 (1984). Analyzing an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating the claim on direct review of a federal conviction. *Harrington v. Richter*, 526 U.S. 86, 101 (2011). On habeas review, the key question is not whether counsel's performance fell below the *Strickland* standard, but whether the state court's application of *Strickland* was reasonable. *Id*. As the Magistrate Judge noted, the state court found that the Petitioner had not met his burden of demonstrating that counsel provided ineffective assistance. Because the videotape was shown during the guilt/innocence phase of the trial, the jury was able to determine whether the Petitioner showed concern for the victim during the interview. Therefore, the state court held that Petitioner's counsel was not deficient by failing to show the videotape again at the sentencing phase of the trial, and the Petitioner did not demonstrate that he was prejudiced by counsel's failure to show the videotape at sentencing. Petitioner has not shown the state court's rejection of this claim was a reasonable application of *Strickland*. Thus, Petitioner's first objection is **OVERRULED**.

**Second**, Petitioner contends that the Magistrate Judge did not conduct an independent review of his claim that counsel provided ineffective assistance by failing to object to leading questions, and, instead, relied on the state court's resolution of the issue. During the state habeas

proceedings, the trial court made relevant factual findings. This Court must accept those findings because the Petitioner has not shown them to be incorrect by clear and convincing evidence. 28 U.S.C. § 2254(e). Based on the findings of fact, the state trial court found that it would not have been error for the trial court to overrule objections to the allegedly leading questions and that it would not have changed the outcome of the trial if counsel had objected. Because the state court's application of *Strickland* was reasonable, the Petitioner is not entitled to relief on this ground. Thus, the Petitioner's second objection is **OVERRULED**.

**Third,** Petitioner contends that trial counsel provided ineffective assistance by failing to object to the exclusion of evidence that the victim's mother transferred a vehicle registration into her name and withdrew money from the Petitioner's bank account. The record reflects that counsel attempted to admit the evidence. The trial court ruled the evidence was inadmissible, but counsel preserved the issue for appeal. Therefore, the ground for review lacks merit, and the state court's rejection of this claim was a reasonable application of *Strickland*. Thus, Petitioner's third objection is **OVERRULED**.

**Fourth**, Petitioner contends the Magistrate Judge erred by recommending denying the Petitioner's claim that counsel provided ineffective assistance by failing to impeach a witness. During the state habeas proceedings, the trial court made findings of fact and conclusions of law concerning this claim. The trial court concluded that the Petitioner failed to meet his burden of proving that counsel provided ineffective assistance by failing to impeach the victim because trial counsel repeatedly attempted to impeach the victim. The Petitioner has not rebutted the state court's factual determinations by clear and convincing evidence. Nor has he demonstrated that the state court's resolution of this claim was an unreasonable application of *Strickland*. Thus, Petitioner's fourth objection is **OVERRULED**.

Petitioner is not entitled to the issuance of a certificate of appealability. To appeal judgment denying federal habeas corpus relief, a petitioner must receive a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the Petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the Petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the Petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

The Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the Petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. The Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## **ORDER**

Accordingly, the Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendation. A certificate of appealability will not be issued.

**So ORDERED and SIGNED this 10th day of January, 2020.**

*[Signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE